UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                              Case No. 1:23-cr-20676

v.                                            Honorable Thomas L. Ludington
                                                  United States District Judge

JEFFREY BARTLETT, *et al.*,

       Defendants.
_____/

**ORDER GRANTING MOTION TO ADJOURN, SETTING SCHEDULE, AND EXCLUDING DELAY**

Defendants Jeffrey Bartlett, Brian Bartlett, Andrew Semenchuk, Adam Ball, and Anthony Thelen are charged with conspiracy to commit wire fraud, 18 U.S.C. § 1349 (Count I); conspiracy to defraud the United States, 18 U.S.C. § 371 (Count II); and wire fraud/aiding and abetting, 18 U.S.C. § 1342/18 U.S.C. § 2 (Counts III–XV). ECF No. 132. On December 12, 2024, Defendants[1] filed a motion to adjourn trial, which was scheduled to begin in March 2025. *See* ECF No. 162.

On January 13, 2025, in light of pending pretrial motions, *see, e.g.*, ECF Nos. 160; 161; 178, and the need to establish a firm schedule to accommodate the Jury Department and Parties' use of a Juror Questionnaire, *see* ECF No. 155, this Court vacated the operative scheduling order and directed the Parties to attend a virtual status conference in February 2025. ECF No. 188. The Court noted that, at this status conference, it would "grant Defendants' Motion to Adjourn Trial, ECF No. 162" and would "issue a new Scheduling Order with *finalized* pretrial and trial dates,

---

[1] Defendant Thelen filed the motion to adjourn largely because his newly-retained counsel needed additional time to review discovery and prepare for trial. *See* ECF No. 162. But Defendants Semenchuk and Brian Bartlett thereafter filed notice of joinder. ECF Nos. 171; 177.

including a schedule regarding juror selection and the . . . Juror Questionnaire." *Id.* at PageID.1911 (emphasis added).

On February 25, 2025, Counsel for all Parties attended this virtual status conference. The length of the anticipated six-week trial, the individual—and often conflicting—schedules of all attorneys in this multi-defendant case, the need to resolve pending pretrial motions, and the need to accommodate the Jury Department's schedule to allow the Parties to utilize a Juror Questionnaire collectively provide good cause to adjourn trial. Several of these reasons also justify excludable delay under 18 U.S.C. § 3161(h)(7). Specifically, this Court finds that the ends of justice served by granting Defendants' requested continuance outweighs the public and Defendants' interests in a speedy trial because:

- Defendants and their Counsel need additional time to adequately review voluminous discovery and prepare for trial. *See* ECF Nos. 162; 171; 177.

- Failure to grant a continuance could result in a miscarriage of justice, and deny Counsel for both the Government and the Defense the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(I), (iv).

- To expedite voir dire, the Jury Department and the Parties require approximately three months to summon potential jurors to complete a pretrial questionnaire, analyze 150 completed questionnaires, and contemplate juror selection and strikes.

- Defendants continue to file pretrial motions, some of which—if granted—may strike allegations, remove substantive charges, or suppress key evidence at trial, potentially impacting jury instructions and the Parties' proofs at trial.

- The Parties continue to engage in good-faith plea negotiations.

Accordingly, it **ORDERED** that Defendants' Motion to Adjourn Trial, ECF No. 162, is **GRANTED.**

Further, it is **ORDERED** that the time from March 13–September 11, 2025 is **EXCLUDED** under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

Further, it is **ORDERED** that the Parties will abide by the following *firm, finalized* Schedule:

| | |
|---|---|
| Motion Cutoff: | March 31, 2025 |
| Virtual Status Conference: | May 13, 2025 at 4:00 PM |
| Jury Pannel Summoned: | Early June 2025 |
| Government's Proposed Jury Instructions Due: | June 13, 2025 |
| This Court's Draft Jury Instructions Docketed By: | June 20, 2025 |
| Objections and Proposed Additions to Draft Jury Instructions Due: | June 27, 2025 |
| This Court's Finalized Jury Instructions Docketed By: | July 3, 2025 |
| Plea Cutoff, *Lafler* Hearing, and Final Pretrial Conference: | July 11, 2025 at 10:00 AM |
| Government to Provide Jury Department with 150 Copies of Final Juror Questionnaire, ECF No. 188-1 | August 4, 2025 |
| Jury Panel Appears to Complete Juror Questionnaire | August 6 and 7, 2025 |
| Court provides Parties with Completed Juror Questionnaires | August 11, 2025 |
| Parties' Joint List of Resolved and Unresolved Juror Strikes for Cause Filed By: | August 18, 2025 |
| Hearing to Resolve Unresolved Juror Strikes: | September 10, 2025 at 10:00 AM |
| Voir Dire: | September 11, 2025 at 8:30 AM |
| Jury Trial: | September 15, 2025 at 9:00 AM |

**This is not a final order and does not resolve the above-captioned case.**

Dated: March 12, 2025                                s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge