UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| United States of America, | Criminal No. 1:23-cr-20676 |
| Plaintiff, | Hon. Thomas L. Ludington |
| v. | |
| D-3 Adam Ball, | |
| Defendant. | |

## STIPULATED ORDER OF FORFEITURE

The United States of America, by and through its attorneys, Jerome F. Gorgon, Jr. United States Attorney for the Eastern District of Michigan, and K. Craig Welkener, Assistant United States Attorney, together with Defendant Adam Ball, individually and by and through his attorneys, Mark A. Satawa and Jorin G. Rubin, submit this Stipulated Order of Forfeiture to the Court and stipulate and agree to the following:

1. The United States of America filed a Second Superseding Indictment on September 25, 2024, which charged the defendant with Count One, Conspiracy to Commit Wire Fraud in violation of 18 U.S.C.

§ 1349, Count Two, Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371 and with Counts Three through Fifteen in violation of 18 U.S.C. §§ 1343, 2 in violation of Wire Fraud, Aiding and Abetting (ECF No. 132). The Second Superseding Indictment contains criminal forfeiture allegations under 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c) and Federal Rule of Criminal Procedure 32.2.

2. The United States filed a First Forfeiture Bill of Particulars on June 12, 2024, which set forth the government's intent to forfeit specific property following the defendant's conviction.

3. On July 30, 2025, a plea hearing was held as to Adam Ball and he pled guilty before this Court to Count Two of the Second Superseding Indictment. (ECF No. 277 – Plea Agreement). Count 2 charges the defendant with Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371.

4. As part of the Rule 11 Plea Agreement, pursuant to 18 U.S.C. § 981(a)(1)(C), together with 28 U.S.C. § 2461(C), defendant agreed to the entry of a forfeiture money judgment against him, in favor of the United States, in the amount of Eight Hundred Fourteen

Thousand Six Hundred Forty Dollars ($814,640.00), representing proceeds obtained by him as a result of the violation charged in Count 2 of the Second Superseding Indictment. (ECF 277, PageID.3103).

5. The United States and the defendant also agreed to terms related to "Payment in Advance of Sentencing," and "Alternative Satisfaction." *Id*. at PageID.3106-3111. Under those terms, the parties agreed to the release of certain funds to allow Defendant to pay his restitution ($914,360) and forfeiture $814,640.00 obligations, and provided for the disposition of other funds if those obligations are not paid by sentencing. *Id*. The parties also agreed that the United States will promptly release the remaining restrained assets owned solely by Defendant, his family and/or Sarah Ball, and/or their entities following satisfaction of his forfeiture and restitution obligations.

6. As part of the Rule 11 Plea Agreement, the Defendant further agreed to the entry of one or more orders of forfeiture incorporating the forfeiture money judgment and any agreed-upon Ball Property to be forfeited, including the Court's prompt entry of a Preliminary Order of Forfeiture, upon application by the United States at, or any time before or after, Defendant's sentencing in this case, as

mandated by Fed. R. Crim. P. 32.2. Defendant further agreed to sign such an order, indicating he consents to its entry if requested to do so by the Government. Defendant agreed that the forfeiture order will become final as to him at the time entered by the Court. (ECF 265, PageID.3005).

**NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

A.     Based upon the Second Superseding Indictment, the Rule 11 Plea Agreement, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 981(a)(l)(C) together with 28 U.S.C. § 2461(c), a Forfeiture Money Judgment in the amount of **Eight Hundred Fourteen Thousand Six Hundred Forty Dollars ($814,640.00**), representing proceeds obtained by Defendant through his violation of Count Two of the Second Superseding Indictment, is **GRANTED AND ENTERED** against the defendant in favor of the United States of America.   In addition, as agreed by the parties, the United States shall forfeit $25,000 cash in lieu of the 2016 Chevrolet Suburban VIN XX3780 held in the name of National Elevation Certificates, LLC.

B.     The forfeiture money judgment is to be satisfied as stated on

pages 11-19 of the defendant's plea agreement.

C. The amount that Defendant owes on the forfeiture money judgment shall be reduced by any funds paid by Defendant to satisfy the judgment, and by the net amount of any property finally forfeited from the defendant to the United States, including by the $25,000 cash in lieu of the 2016 Chevrolet Suburban VIN XX3780 held in the name of National Elevation Certificates, LLC.

D. Should the forfeiture money judgment not be satisfied at the time of sentencing or by forfeiture of the Ball property enumerated in the plea agreement, the United States is authorized to pursue discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

E. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Stipulated Order of Forfeiture shall become final upon entry, and shall be made part of the Defendant's sentence in this case and included in the Judgment. "[N]o ancillary proceeding is required to the extent that the forfeiture consists of a money judgment." Rule 32.2(c)(1).

F. The Court retains jurisdiction to enforce this Order, and to

amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e). If the forfeiture money judgment is not satisfied at the time of sentencing, this Order will be amended pursuant to Defendant's Plea Agreement. ECF 277.

Agreed as to form and substance:

JEROME F. GORGON, JR.
United States Attorney

S/ K. Craig Welkener
K. Craig Welkener DC1033585
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0248
Kenton.Welkener@usdoj.gov

Dated: _____

/s/ Jorin G. Rubin
Jorin G. Rubin (P60867)
Attorney for Defendant
600 S. Adams Road, Suite 300
Birmingham, MI 48009
(248) 799-9100
Jorinrubin@comcast.net

Dated: _____

/s/ Mark A. Satawa
Mark A. Satawa (P47021)
Attorney for Defendant
26777 Central Park Blvd, Suite 325
Southfield, MI. 48076
(248) 573-3693
mark@satawalaw.com

Dated: _____

**IT IS SO ORDERED.**

Dated: October 20, 2025

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

6